UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK A. MCLAUGHLIN,

    Plaintiff,

  v.                                    Case No. 10-C-212

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PETITION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS**

      The plaintiff, Patrick A. McLaughlin ("McLaughlin"), filed this action on March 12, 2010, seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Also on March 12, 2010, McLaughlin filed a petition for leave to proceed in forma pauperis.

      In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: First, whether the litigant is unable to pay the costs of commencing this action; and, second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i). Because the court finds that McLaughlin has satisfied both prongs of this test, his petition for leave to proceed in forma pauperis will be granted.

      In his application and affidavit to proceed in forma pauperis, McLaughlin avers that he is unemployed. McLaughlin states that he receives public assistance in the amount of $56 per month as well as $180 per month in food stamps and that his spouse receives $1,031 a month in social security disability insurance. McLaughlin states that he has $706 a month in expenses and $6,500 in outstanding debt. McLaughlin has $1,305 in checking and savings accounts. In my view, McLaughlin has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee.

McLaughlin must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993). In his complaint, McLaughlin states that he is seeking review of the Commissioner of Social Security's decision denying his application for Social Security Disability benefits for lack of disability. Among other claims, McLaughlin alleges that the Administrative Law Judge's findings "are not supported by substantial evidence and are contrary to law and regulation." McLaughlin has the right, under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Micus v. Bowen*, 979 F.2d 602, 604 (7th Cir. 1992); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

It would be inappropriate for the court to decide at this early juncture that McLaughlin's claim has no basis in either fact or law. To do so would be to find that the Commissioner's decision is supported by substantial evidence without the court even seeing any of the evidence. Therefore, I conclude that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision and that his appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

**NOW, THEREFORE, IT IS ORDERED** that McLaughlin's petition for leave to proceed in forma pauperis be and hereby is **GRANTED** pursuant to 28 U.S.C. § 1915(a) and (e)(2)(B)(i).

**SO ORDERED** this 2nd day of April 2010, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
